**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **ENTERRA ENERGY, LLC, et al.,**   )<br>                                                   )<br>    **Movants,**                             )<br>                                                   )<br>v.                                                )     Case No. 08-mc-00011-TCK-PJC<br>                                                   )<br>**UNITED STATES SECURITIES AND** )<br>**EXCHANGE COMMISSION,**        )<br>                                                   )<br>    **Respondent.**                        )  | |

**OPINION AND ORDER**

This matter is before the Court on Enterra Energy, LLC's and Enterra Land and Water, LLP's (collectively "Movants") Motion to Quash Administrative Subpoena and Application to Enjoin Governmental Authority from Obtaining Financial Records Pursuant to Customer Challenge Provisions of the Right to Financial Privacy Act of 1978 (hereafter, "Motion to Quash") [Dkt. # 1], which was filed on February 29, 2008. The motion was referred to the undersigned on March 3, 2008 [Dkt. # 5] and a telephonic hearing was conducted on March 20, 2008.

*Background*

Movants seek to quash an SEC subpoena for documents issued February 19, 2008, to Bank of America. SEC seeks all documents related to two specified bank accounts, one in the name of **Enterra Energy, LLP (xxxx xxxx 4853)** and one in the name of **Enterra Land and Water, LLP (xxxx xxxx 7793)**.[1] The subpoena is based on

---

[1]     The fact that the subpoena seeks records of a bank account in the name of "Enterra Energy LLP" is significant, because Enterra Energy *LLC* is one of the Movants seeking to quash the SEC subpoena. The SEC argues that Enterra Energy LLC lacks standing to move to quash because the subpoena does not seeks its records.

an SEC Order Directing Private Investigation and Directing Officers to Take Testimony (the "Formal Order") regarding Berkshire Resources, LLC and Berkshire (40L), LLP (collectively, "Berkshire Resources").  *In the Matter of Berkshire Resources, LLC*, File No. FL-03289.  The Formal Order directs members of the SEC staff to investigate certain alleged violations of federal securities laws by Berkshire Resources, or any of their officers, directors, employees, partners, subsidiaries and/or affiliates.[2]  The Formal Order further authorizes SEC staff to investigate whether "any persons or entities" have engaged or are engaged in securities violations.

The parties agree that the SEC investigation into Berkshire Resources is a legitimate law enforcement inquiry.  The subpoena at issue was served in connection with that investigation.  In accordance with the Right to Financial Privacy Act ("RFPA"), on February 19, 2008 the SEC sent the required Customer Notice advising of the subpoena to Bank of America.[3]  Movants filed their Motion to Quash on February 29, 2008.  Movants contend that the subpoena seeks documents that are not relevant to the Berkshire Resources investigation and, therefore, constitutes an improper fishing expedition into Movants' financial records.

*Procedural Requirements under 12 U.S.C. § 3410*

Movants rely on the RFPA in objecting to the SEC subpoena.  RFPA prohibits financial institutions from providing the government with information about their

---

[2] The Formal Order is attached as Exhibit C to the Verified Opposition of Respondent United States Securities and Exchange Commission to Motion for Order Pursuant to Customer Challenge Provisions of the Right to Financial Privacy Act [Dkt. # 8].

[3] The Notice was sent to "Enterra Energy Enterra Energy (sic), *LLP*" (emphasis added) and to Enterra Land and Water, LLP.  The Notice makes no reference to Enterra Energy, *LLC*.

customers' financial records unless either the customer authorizes the documents' release or the government obtains a valid subpoena or warrant. *Jones v. Department of Air Force*, 947 F.Supp. 1507, 1510 -1511 (D.Colo. 1996) (citing *United States v. Frazin,*, 780 F.2d 1461 (9th Cir.1986); 12 U.S.C. § 3402).

The RFPA provides only three bases on which a district court may quash a subpoena:  (1) the agency's inquiry is not a legitimate law enforcement inquiry, (2) the agency has not substantially complied with the RFPA, or (3) the records requested are not relevant to the agency's inquiry. *Sandsend Financial Consultants, Ltd. v. Federal Home Loan Bank Board*, 878 F.2d 875, 882 (5th Cir. 1989).  At the March 20 hearing, counsel for Movants conceded that the SEC investigation of Berkshire Resources is a legitimate law enforcement inquiry and that the SEC had complied with all requirements of the RFPA.  Thus, Movants' Motion to Quash rests on the contention that the documents requested are not relevant to the SEC investigation.

The Court's first task is to determine whether in seeking to quash the SEC subpoena Movants have complied with 12 U.S.C. § 3140(a).   Section 3140(a) states that within 10 days of service or within 14 days of mailing a subpoena, a customer may file a motion to quash an administrative subpoena.  The motion must contain a sworn statement:

> (1) stating that the applicant is a customer of the financial institution from which financial records pertaining to him have been sought; and
>
> (2) stating the applicant's reasons for believing that the financial records sought are not relevant to the legitimate law enforcement inquiry stated by the Government authority in its notice, or that there has not been substantial compliance with the provisions of this chapter.

12 U.S.C.A. § 3410(a).

3

The Motion to Quash contains the Affidavit of David G. Rose, the sole managing member of enTerra Energy, LLC which in turn is the sole managing partner of enTerra Land and Water, LLP.[4] (Rose Affidavit, ¶ 1, Exh. C to Motion to Quash). Rose states (1) that both of the Movants are customers[5] of Bank of America and (2) that he believes the documents at issue are not relevant to the SEC investigation of Berkshire Resources for the following reasons:

> a. Neither Enterra nor Land and Water have been involved or have participated in the offer of sale of securities by Berkshire or any other activity of Berkshire described in the SEC Order.
>
> b. Enterra and land and Water are each independent entities neither of which is related to Berkshire.
>
> c. The ownership, management, and control of Enterra and Land and Water are separate and distinct from that of Berkshire.

(Rose Affidavit, ¶ 4).

The Movants have complied with the requirements of section 3410(a). The RFPA provides that if the court finds the movant has complied with section 3410(a), "it shall order the Government authority to file a sworn response…." 12

---

[4]   Although Rose's Affidavit refers to "enTerra Energy" and "enTerra Land and Water", there is no contention that this typographical difference has any legal significance to the Motion to Quash. That is, Movants do not contend that enTerra Land and Water LLP is not the same entity as Enterra Land and Water, LLP. For simplicity sake, the Court will use the Enterra spelling.

[5]   Rose's declaration that the Movants are "customers" for Bank of America is not legally conclusive of this issue because the RFPA has a specific legal definition of "customer" for purposes of the Act. *See* 12 U.S.C. § 3401 (4) & (5). Thus, one may be a "customer" of a financial institution in the everyday sense of the word, but not meet the RFPA's definition of customer. *E.g.*, *Pittsburgh Nat. Bank v. U.S.*, 771 F.2d 73, 75 (3d Cir. 1985) (Corporation not a "customer" for RFPA purposes).

U.S.C. § 3410(b).  Here, the SEC responded unilaterally without waiting for the Court's direction.[6]

### *'Relevance' Under the RFPA*

Administrative agencies' power to issue administrative subpoenas in the course of performing their investigatory functions "is a broad-ranging one which courts are reluctant to trammel."  *Sandsend*, 878 F.2d at 878.  In *Sandsend* the court described this as a "power of inquisition."  *Id.*

> It is more analogous to a Grand Jury, which does not depend on a case or controversy for power to get evidence but can investigate merely on suspicion that the law is being violated, or even just because it wants assurance that it is not.

*Id.*

When reviewing an administrative subpoena, the court plays a "strictly limited" role.  *Id.* at 879 (*quoting F.T.C. v. Texaco, Inc.*, 555 F.2d 862, 872 (D.C.Cir.), *cert. denied*, 431 U.S. 974 (1977)).  The court's inquiry is limited to determining (1) whether the investigation is for a proper statutory purpose, and (2) whether the documents sought are relevant to that investigation.  *Id.*  Only the second question is at issue herein.

For purposes of an administrative subpoena, the question of relevancy is a broad one.  *Equal Employment Opportunity Commission v. Elrod*, 674 F.2d 601, 613 (7th Cir. 1982).  So long as the material requested "touches a matter under investigation," it will survive a relevancy challenge.  *Id.*  The government need only have a "reasonable belief"

---

[6] Under some circumstances, this would have implications for the Court's duty to decide the motion within seven days of the Government's response.  However, the Government cannot accelerate the court's required finding by a unilateral, unordered filing in opposition to a motion to quash.  *Neuhaus v. U.S. Securities and Exchange Comm.*, 2007 WL 1322340, at *2 (E.D.Cal.).  Here the issue is moot because the Court's Opinion and Order has been filed within seven days of the Government's response.

that the records sought are relevant to a legitimate inquiry. 12 U.S.C. § 3410(c). One court has observed:

> [W]hile the ability of the government to obtain such information may not rest upon government whim, it remains clear that the standard of relevance utilized by courts has been quite broad.

*Whitburn v. U.S. Dept. of the Treasury*, 1993 WL 544285 at *2 (D.Kan.).

The ultimate burden of showing relevance is on the government. *Neuhaus*, 2007 WL 1322340, at *3.

*Discussion*

### A. Enterra Energy LLC Lacks Standing To Challenge the SEC Subpoena

The SEC subpoena seeks bank records of Enterra Energy, *LLP*, but not Enterra Energy, LLC. (*See* Securities and Exchange Commission Subpoena Attachment, p. 2, included as part of Exhibit "A" to the Motion to Quash). Thus, Enterra Energy, LLC is not the party whose records are being sought. The RFPA requires that one seeking to quash a subpoena must submit a sworn statement "that the applicant is a customer of the financial institution from which financial records <u>pertaining to him</u> have been sought…." 12 U.S.C. § 3410(a)(1) (emphasis added). In this case, the subpoena does not request documents pertaining to Enterra Energy, LLC, therefore, this company does not have standing to move to quash the subpoena.

Counsel for Movant contends that the bank account at issue belongs to the LLC, not Enterra Energy LLP. At the March 20 hearing, the SEC conceded that if Enterra Energy LLC owns the bank account at issue, a corrected subpoena will have to be served and production of documents related to this bank account would be improper under the present subpoena.

6

### B. The Documents Requested Are Relevant Under the RFPA's Broad Definition of that Term

In support of its subpoena, the SEC states:

- Enterra Energy, LLC ("Enterra LLC"), is the managing member of several limited liability partnerships including Enterra Energy, LLP and Enterra Land and Water, LLP (the "Enterra LLPs").

- Enterra LLC has been the subject of "numerous state administrative actions" for securities violations.

- Enterra LLC is owned by David G. Rose. David G. Rose is the father of Jason T. Rose who is the managing member of Berkshire Resources, LLC. David G. Rose has been indicted in the Western District of Kentucky for mail and wire fraud in connection with two oil and gas well projects.

- The Enterra LLPs are investment vehicles through which investors may purchase fractional interests in oil and gas projects.

- In December counsel for Berkshire Resources represented to SEC staff that Berkshire Resources, LLC had delegated certain operations functions to Enterra LLC.

- Jason Rose has refused on Fifth Amendment grounds to answer questions concerning Enterra LLC's relationship with Berkshire Resources.

- Between April 2006 and the present at least $3 million has been transferred from an account in the name of Berkshire Resources, LLC to accounts in the names of the Enterra LLPs. Records show that the Enterra LLPs transferred $950,000 to Berkshire Resources LLC.

In summary, the SEC's declaration states: there is an organizational and management relationship between Enterra LLC and the Enterra LLPs; there is an operational relationship between Berkshire Resources, LLC and Enterra LLC; large sums of money have been transferred from Berkshire Resources, LLC to the Enterra LLPs and from the Enterra LLPs to Berkshire Resources LLC. Furthermore, the owner of Berkshire Resources is related to the owner of Enterra LLC and Berkshire's owner Rose

refused to testify about Enterra LLC's relationship with Berkshire Resources, asserting his Fifth Amendment rights.

Movants argue that they have no direct involvement in the activities under investigation: According to David Rose's Affidavit, Movants have not sold or offered for sale Berkshire Resources securities. Enterra LLC and Enterra Land and Water LLP are independent entities, not related to Berkshire Resources. And finally, the Enterra entities and the Berkshire Resources entities operate under separate management/control. However, such direct involvement is not required to enforce an administrative subpoena such as the one at issue. There need not be such a strong and direct connection between the entity under investigation and the subject of a subpoena in order to meet the RFPA's relevance test. For example, courts have enforced a subpoena even where there was only a "tangential relationship" between the entity under investigation and the subpoena's target. *Sandsend*, 878 F.2d at 882. It is enough that requested documents "touch on a matter under investigation." *Id.*

Here, there is at least a significant business relationship between Berkshire Resources and the Enterra LLPs. There is also a close family connection in ownership/management of these entities. There is an operational business connection between Berkshire Resources and the Enterra LLPs. And there is evidence of significant financial interaction between the entities. The requested records may enable the SEC to map the flow of funds into and out of Berkshire Resources' accounts and aid the investigation into those entities securities conduct. Financial records of the Enterra LLPs touch on a matter under legitimate investigation and, thus, are relevant to the SEC inquiry.

Accordingly, the Motion to Quash is hereby **DENIED** as to the designated bank accounts of Enterra Energy LLP and Enterra Land and Water LLP. However, if the Enterra Energy account (xxxx-xxxx-4853) is actually in the name of Enterra Energy LLC, and not Enterra Energy LLP, the subpoena shall be corrected and re-served.

DATED this 21st day of March 2008.

_____
Paul J. Cleary
United States Magistrate Judge